IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
FILE NO. 5:05CV39-V

| | |
|---|---|
| BETTY C. HIGGINS, as Administrator of the Estate of ERIC SPENCER HIGGINS,<br><br>       Plaintiff,<br><br>       v.<br><br>NELSON BROTHERS, LLC<br>  A Delaware Corporation,<br><br>And<br><br>EL DORADO CHEMICAL COMPANY<br>  An Oklahoma Corporation,<br><br>       Defendants. | **CONSENT PROTECTIVE ORDER** |

       The parties, through their respective undersigned counsel, stipulate to the entry of the following Protective Order in the above-captioned matter:

       1.    Any party providing any document or portion of a document, and any other form of evidence or discovery allowed under the Federal Rules of Civil Procedure (the "Producing Party") which in the Producing Party's good faith opinion contains any trade secret or other confidential research, development, commercial information, or other sensitive information as protected by the Federal Rules of Civil Procedure or applicable state law (collectively hereafter referred to as "Confidential Information" or "Confidential Material") may designate such Confidential Information or Confidential Material as "Confidential." The parties may only disclose or make available the Confidential Information, pursuant to the terms of this Consent Protective Order.

       2.    The parties may designate information to be subject to this Protective Order in the following manner:

           (a)    With respect to documents or copies provided by one party to the other, by marking the initial page and any pages on which any "Confidential Material" appears with the legend:

**CONFIDENTIAL**

(b) In lieu of marking the original of a document prior to inspection, counsel for the producing party may attach a removable tag with the legend CONFIDENTIAL to the original document, and may orally, or in writing, designate the documents being produced for inspection as containing such information, thereby making them subject to this Protective Order; however, the producing party must mark any copies of such documents Confidential at the time the producing party supplies the documents to inspecting counsel in order to make the copies subject to this Protective Order.

(c) A producing party may designate testimony or information disclosed at a deposition as Confidential by indicating on the record at the deposition the specific testimony which contains such information that is to be made subject to the provisions of this Protective Order.

Alternatively, a producing party may designate testimony or information disclosed at a deposition as "Confidential" by notifying all parties in writing, within thirty days of receipt of the transcript, of the specific pages and lines of the transcript that are to be thus designated. Whether or not designation is made at the time of a deposition, all parties will treat all depositions as Confidential from the taking of the deposition until thirty-five days after receipt of the transcript, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.

(d) In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the court, the producing party may designate information contained therein as Confidential Material by prominently marking CONFIDENTIAL each such page sought to be protected.

(e) Any party may designate tangible objects as Confidential Material by affixing to the object or its container a label marked CONFIDENTIAL.

3. Confidential Material, and any analysis or report containing such information, may be made available for inspection only to:

(a) by and between the parties, employees, former employees, insurers, or third party administrators of the receiving party with whom outside counsel of a receiving party believes he or she needs to consult for purposes of this action;

(b) persons whom counsel for the receiving party have retained as independent consultants or independent expert witnesses;

(c) counsel and personnel of counsel for each party as designated below: Stevens & Winthrow, PLLC; The Law Offices of Christopher D. Lane; and Smith Moore LLP; and

(d) court personnel necessary to the prosecution of this action including, but not limited to, judges, court reporters, or the clerk of court.

4. Prior to the disclosure of Confidential Material, in whole or in part, directly or indirectly, to any individual identified in paragraph 3(b) such person must be given a copy of this Protective Order and have duly completed and signed a Certificate in the form attached as <u>Exhibit A</u>. Outside counsel for the receiving party must retain signed originals of any such Certificates.

5. Any party wishing to have a pleading, motion or other document placed under seal in accordance with this Protective Order must file the document with the court in a sealed envelope or sealed container on which the party must provide the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, the words "CONFIDENTIAL MATERIAL" and a statement substantially in the following form:

> CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER ENTERED IN CIVIL ACTION NO. 5:05CV39-V. This envelope, containing documents that are filed in this case by [name of party], is not to be opened nor are the contents thereof to be displayed or revealed except by order of the United States District Court for the Western District of North Carolina.

A party may submit to the court an appropriately marked second copy of any pleading or other document specifically intended for the court's review, in order to assure that the same is brought promptly to the court's attention. A duplicate copy thereof (with the confidential material redacted therefrom) may be placed in the public record.

6. At the deposition of a non-party, the non-party may be shown any document designated as Confidential provided the non-party authored or received the document as evidenced by the document.

7. The terms of this Protective Order apply to non-party who produces information designated by such non-party, or a party hereto, as Confidential.

8. A person may use information marked Confidential obtained from a producing party in this action only for purposes of this action. No party or person may make any other use of any such information, including, but not limited to, use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by order of the court.

9. Any information, document, or thing mistakenly produced or disclosed without a CONFIDENTIAL designation may be subsequently designated pursuant to the terms of this Consent Protective Order without waiving the confidential nature of the document or information. In each such case, the designating party or non-party shall provide to all other parties notice either orally followed by written notice within five (5) business days or written notice of the subsequent designation and a copy of the document or thing marked in accordance with this Consent Protective Order. No person shall be liable for disclosing, publicly or otherwise, a document or information subsequently designated CONFIDENTIAL pursuant to this Consent Protective Order if that disclosure occurred before receipt of the initial oral or written notice.

10 In the event that information marked Confidential is inadvertently disclosed to a person other than as provided for herein, the disclosing party, on learning of the inadvertent disclosure, must promptly notify the producing party in writing of the date of the disclosure, the specific information disclosed, the identity of the person to whom the information was disclosed, and the circumstances of the inadvertent disclosure. On learning of the inadvertent disclosure, the disclosing party must provide a copy of this Protective Order to the person to whom the disclosure was made and obtain a duly signed Certificate from said person on the form attached as Exhibit A, and send a copy of the signed Certificate to counsel for the producing party.

11. Any party may object to the designation of particular material as Confidential by giving written notice to all other parties. Such written notice shall identify that material to which the objection is directed and the basis of the objection. If the parties are unable to resolve their differences within fifteen days from the time the notice is received, the objecting party may file an appropriate request for the court to rule that the disputed material should not be subject to the protection of this Protective Order. The disputed material shall remain confidential and subject to the terms of this Protective Order unless and until the court rules otherwise.

12 Within sixty days after the conclusion of this civil action including all appeals, any person in possession of documents, objects, and other materials produced or designated as Confidential must return the material, and all reproductions thereof, to the producing party or destroy the material, at the option of the producing party. If the producing party opts for the destruction of the documents and materials, the

receiving party must notify the producing party in writing when the destruction has occurred and must certify that all such materials and documents have been destroyed. Insofar as the provisions of this Protective Order restrict the communication and use of information produced hereunder, such Protective Order shall continue to be binding after the conclusion of this proceeding. Outside counsel may retain one complete set of all pleadings.

13. Neither the designation of any information as Confidential nor the failure to make such designation will constitute evidence with respect to any issue in this action.

14. Nothing in this Protective Order shall be deemed to preclude any party from seeking, on an appropriate showing, lesser or greater protection with respect to the confidentiality of any document, discovery response or deposition testimony.

15 Neither this Protective Order nor the designation of any item as confidential thereunder shall be construed as an admission that such material, or any testimony in respect of such material in a deposition or otherwise, would be admissible in evidence in this litigation or in other proceedings.

Agreed and stipulated to by counsel for the parties:


/s/ Kimberly C. Stevens　　　　　　　　　　/s/ Christopher D. Lane

Tyrus V. Dahl, Jr. Esq.　　　　　　　　　　　Christopher D. Lane, Esq.
N.C. State Bare No. 12684　　　　　　　　　N.C. State Bar No. 20302
Kimberly C. Stevens, Esq.　　　　　　　　　3305 Stockton Street
N.C. State Bar No. 20156　　　　　　　　　　Winston-Salem, NC 27127
Stevens & Withrow, PLLC
840 West Fourth Street
Winston-Salem, NC 27101

*Attorneys for Plaintiff*



/s/ Marc C. Tucker
Marc C. Tucker, Esq.
N.C. Bar No. 27522
SMITH MOORE LLP
2800 Two Hannover Square
Post Office Box 27525 Raleigh, NC 27611
Telephone: (919) 755-8700

Facsimile: (919)755-8800

/s/ Jon Berkelhammer
Jon Berkelhammer, Esq.
N.C. State Bar No. 10246
SMITH MOORE LLP
300 North Greene Street
Suite 1400
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: (336) 378.5200
Facsimile: (336) 378.5400

*Attorneys for Defendants*

**SO ORDERED.**

Signed: March 16, 2006

_____

Carl Horn, III
United States Magistrate Judge

# EXHIBIT A

## CERTIFICATE OF CONFIDENTIALITY

I hereby certify that I have carefully read and fully understand the terms of the Protective Order entered in the case captioned *Betty C. Higgins, as Administrator of the Estate of Eric Spencer Higgins, Plaintiff, v. Nelson Brothers, LLC and El Dorado Chemical Company, Defendants*, Case No. 5:05CV39-V, pending in the United States District Court for the Western District of North Carolina. I recognize that I am bound by each of the terms of the Protective Order and agree to comply with those terms. I agree I will not use any confidential documents or information for any purpose other than in assisting counsel in preparation of the trial of this matter. I agree I will not disclose any confidential documents or information to any persons other than counsel. At the conclusion of this lawsuit, I agree to return to counsel all confidential documents which I have been given.

SIGNED: _____

DATE: _____  PRINTED NAME: _____

POSITION: _____

ADDRESS: _____

_____

Relationship to Party Making Disclosure: _____